```
                       UNITED STATES DISTRICT COURT
                         DISTRICT OF CONNECTICUT

------------------------------X
                              :
MCCARTER & ENGLISH, LLP       :     Civil No. 3:19CV01124(MPS)
                              :
v.                            :
                              :
JARROW FORMULAS, INC.         :     August 23, 2019
                              :
------------------------------X
```

### ORDER RE: MOTION FOR EARLY DISCOVERY [DOC. #26]

This matter is before the Court for resolution of Defendant's motion seeking to conduct limited discovery before the issuance of a scheduling order, and in advance of the September 24, 2019, hearing scheduled in this case. See Doc. #26. Plaintiff has filed an opposition to the motion. See Doc. #29. For the reasons set forth below, the Court **GRANTS**, in part, and **DENIES**, in part, Defendant's Motion for Early Discovery.

### I.   BACKGROUND

On July 22, 2019, McCarter & English, LLP ("plaintiff"), filed the Complaint, asserting claims of breach of contract, account stated, and unjust enrichment/quantum meruit, against Jarrow Formulas, Inc. ("defendant"). See Doc. #1. Plaintiff, a law firm, asserts that defendant, a former client, has failed to pay four outstanding invoices for legal services rendered. See id. at 5. These invoices relate primarily but not exclusively to representation provided in connection with the matter of Caudill

1

Seed and Warehouse Company, Inc. v. Jarrow Formulas, Inc., 3:13CV00082(CRS) (W.D.K.Y. filed Jan. 25, 2013) ("the Kentucky litigation"), and total more than $1,962,147.20. See id. Plaintiff has filed an application seeking a prejudgment remedy to secure at least $2,000,000 of defendant's assets ("the PJR motion"). See Doc. #8 at 1. Judge Michael P. Shea referred that motion to the undersigned for resolution. See Doc. #14. The Court conducted a telephonic scheduling conference on August 13, 2019; counsel for each party participated. See Doc. #24. The Court scheduled an evidentiary hearing on the PJR motion for September 24, 2019, at 10:00 a.m. See Doc. #20. The Court also issued the following Order:

> ORDER. As discussed during the telephonic scheduling conference on August 13, 2019, defendant seeks to engage in preliminary document discovery prior to the September 24, 2019, evidentiary hearing on plaintiff's motion for a prejudgment remedy (Doc. #8). On or before Thursday, August 15, 2019, defendant shall file a motion for early discovery, on the docket, setting forth the legal basis for its request and a general description of the materials sought. Plaintiff shall file a response on or before Monday, August 19, 2019. It is so ordered.

Doc. #22. Defendant filed the instant motion seeking early discovery [Doc. #26], and plaintiff has filed a response [Doc. #29].

II. **STANDARD**

Federal Rule of Civil Procedure 26(d) "provides that a party to a civil action may not seek discovery before the

2

parties have conferred as required by Ruled 26(f), except in certain limited categories of case exempted from the initial disclosure rules 'or when authorized ... by [Court] order.'" Ayyash v. Bank Al-Madina, 233 F.R.D. 325, 326 (S.D.N.Y. 2005) (quoting Fed. R. Civ. P. 26(d)). "In deciding whether to grant such an order, the district court must determine whether 'good cause' exists." Directory Assistants, Inc. v. Doe, No. 3:10CV548(CFD), 2010 WL 10128887, at *1 (D. Conn. Apr. 28, 2010). In determining good cause, "it makes sense to examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." Ayyash, 233 F.R.D. at 327. Requests for early discovery should be "reasonably tailored to the time constraints under which both parties must proceed or to the specific issues that will have to be determined at" any preliminary proceedings. Irish Lesbian & Gay Org. v. Giuliani, 918 F. Supp. 728, 731 (S.D.N.Y. 1996). Here, defendant[1] seeks discovery in advance of a prejudgment remedy hearing scheduled to take place in approximately one month.

---

[1] The Court notes that the applicable standard is based, in part, on the nature of the discovery sought and the party seeking discovery. Where a plaintiff seeks discovery related to a defendant's assets in advance of a hearing on a prejudgment remedy, under Connecticut law "it must [] show that the relief it seeks is 'necessary' or 'absolutely essential' to protect its rights." Bahrain Telecommunications Co. v. Discoverytel, Inc., 476 F. Supp. 2d 176, 187 (D. Conn. 2007).

Although the Federal Rules of Civil Procedure govern the conduct of an action in federal court, state law determines when and how a provisional remedy is obtained. See Fed. R. Civ. P. 64; Bahrain Telecomm. Co. v. DiscoveryTel, Inc., 476 F. Supp. 2d 176, 183 (D. Conn. 2007). "Under Connecticut law, a prejudgment remedy is appropriate if the court, upon consideration of the facts before it and taking into account any defenses, counterclaims or setoffs, claims of exemption and claims of adequate insurance, finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiff's favor in the amount of the prejudgment remedy sought." Roberts v. TriPlanet Partners, LLC, 950 F. Supp. 2d 418, 420 (D. Conn. 2013) (internal quotation marks omitted) (quoting Conn. Gen. Stat. §52-278d(a)).

"Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false." TES Franchising, LLC v. Feldman, 943 A.2d 406, 411 (Conn. 2008) (citation omitted). Connecticut courts have defined "probable cause" in this context

> as "a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." Three S. Development Co. v. Santore, 474 A.2d 795 (Conn. 1984) (citation omitted). Thus, the plaintiff does not have to prove its case by a preponderance of the evidence, but must show that there is probable cause to sustain the validity of the claim. New

4

England Land Co., Ltd. v. De Markey, 569 A.2d 1098 (Conn. 1990).

Walpole Woodworkers, Inc. v. Atlas Fencing, Inc., 218 F. Supp. 2d 247, 249 (D. Conn. 2002). "A probable cause hearing for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. Rather, the trial court's function is to determine whether there is probable cause to believe that a judgment will be rendered in favor of the plaintiff in a trial on the merits." Roberts, 950 F. Supp. 2d at 421 (internal citations and quotation marks omitted).

### III. DISCUSSION

The Court finds that the majority of defendant's discovery requests are "not reasonably tailored to the time constraints under which both parties must proceed or to the specific issues that will have to be determined" at the PJR hearing. Irish Lesbian & Gay Org., 918 F. Supp. at 731. Plaintiff brings three claims: (1) Breach of Contract, (2) Account Stated, and (3) Unjust Enrichment/Quantum Meruit. See Doc. #1 at 8-9. In order to succeed at the PJR hearing, plaintiff may establish probable cause on any theory of liability sufficient to establish the relief it seeks; it need not establish probable cause as to every theory it intends to pursue to final judgment.

5

The Court finds a narrow subset of defendant's requests to be appropriate for immediate discovery. Specifically, documentation related to relevant fee agreements, as well as certain relevant billing records, shall be disclosed. It is the Court's understanding that defendant may already be in possession of most, if not all of this documentation; defense counsel represented during the August 13, 2019, telephonic status conference that he believes defendant is in possession of its full client file.

### A. Fee Agreements

Defendant seeks production of:

a.  Copies or any and all written agreements between Jarrow and McCarter.
b.  Copies of all notices sent to Jarrow by McCarter concerning billing, billing rates, or changes in billing rates or the terms and conditions of any engagement to provide legal services to Jarrow.
c.  If there were any oral agreements related to billing or the terms of any engagement to provide legal services, please indicate the name, date, terms and/or circumstances for the oral agreement[s].

Doc. #26-1 at 1, Requests 1(a)-(c) (sic). The Court finds that any oral or written fee agreements applicable to the four disputed invoices, or to the Kentucky litigation, and any modifications to such fee agreements, are relevant, and good cause exists to order production of such materials in advance of the PJR hearing. Based on the representations of the parties, to

6

date, the Court does not expect that producing these documents on an expedited schedule would be burdensome.

The Court notes that defendant seeks leave "to request certain targeted document discovery prior to the evidentiary hearing[.]" Doc. #26 at 1 (emphasis added). Defense counsel confirmed during the August 13, 2019, conference that defendant seeks only production of documents in advance of the PJR hearing. Plaintiff therefore shall not be required to treat inquiry 1(c) as an interrogatory. At this early stage, plaintiff need only produce written materials.

**B. Bills**

Defendant, "[w]ith respect to the matter of Caudill Seed & Warehouse Company, Inc. v. Jarrow," seeks production of: "All 'draft' bills and non-identical copies of bills, including any copies of bills or electronic entries reflecting notations made on draft bills, or directs to edit, write up, write down, or write off any amounts entered on a draft bill[.]" Doc. #26-1 at 2, Request 2(b). The Court finds that good cause exists for expedited production of this material.

In particular, the Court notes: "Jarrow paid McCarter's invoices periodically, albeit at times with a negotiated discount when McCarter requested its account be brought current, typically at or near McCarter's fiscal year end." Doc. #1 at 4 (emphasis added). Any regular discount or alterations to bills

7

may be relevant to the Court's analysis in ruling on the application for PJR. The parties' course of conduct may be significant given the claim that "McCarter has no retainer agreement with Jarrow for the Kentucky Litigation." Doc. #26 at 2 (emphasis omitted).

## IV. CONCLUSION

For the reasons set forth herein, the Court **GRANTS**, in part, and **DENIES**, in part, Defendant's Motion for Early Discovery. Plaintiff shall provide responses to requests for production 1(a)-(c) and 2(b), as described in Document #26-1, on or before **August 30, 2019.**

It is so ordered, at New Haven, Connecticut, this 23rd day of August, 2019.

                                               /s/
                                    HON. SARAH A. L. MERRIAM
                                    UNITED STATES MAGISTRATE JUDGE